**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED
2015 APR 20  PM 2: 16

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

**HEIDI MAHER,**

                    **Plaintiff,**

-vs-                                                   **Case No.  A-13-CA-543-SS**

**VAUGHN, SILVERBERG & ASSOCIATES, LLP**
**d/b/a Texas Fertility Clinic; and AUSTIN IVF,**
**LLP,**

                    **Defendants.**

## O R D E R

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Heidi Maher's Motion to Reconsider Dismissal Order [#80]; Defendants Vaughn, Silverberg & Associates, LLP and Austin IVF, LLP's Motion for Entry of Bill of Costs [#79], Plaintiff's Objections and Response to Defendants' Motion for Entry of Costs [#81], and Defendants' Reply [#83-2]; and Defendants' Motion for Leave to Exceed Page Limitation on their Reply [#83].  Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

      On March 5, 2015, the Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction.  *See* Order of Mar. 5, 2015 [#77].  In the order of dismissal, the Court ordered "[a]ll costs are taxed against the plaintiff, for which let execution issue." *See* Order of Mar. 5, 2015 [#78].  On March 19, 2015, Defendants moved to recover costs in the total amount of $8,895.03.

Plaintiff has objected to Defendants' requested costs and also filed a motion to reconsider the dismissal order.

## Analysis

### I.      Motion to Reconsider

### A.      Legal Standard

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 59(e), for reconsideration of the Court's order dismissing the case for lack of subject matter jurisdiction.  To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  Such motions may not be used to relitigate issues which were resolved to the movant's dissatisfaction.  *See Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).

### B.      Application

In her motion to reconsider, Plaintiff does not even attempt to show any of the three possible grounds for success indicated in *Benjamin Moore*.  Instead, Plaintiff merely restates the same arguments already presented in her briefing on the motion to dismiss.  For example, Plaintiff urges 21 C.F.R. § 1271 as creating duties governed by federal law, but the Court considered those arguments in its order dismissing the case.  Plaintiff also suggests the Court, "[l]ike other courts before it . . . makes the mistake of labeling the procreative act of conception as 'health care'" and fails to appreciate that "[t]he question before the Court concerns the creation of human life."  Mot. Reconsider [#80] at 3.  In so doing, Plaintiff offers only attorney argument unsupported by any case law.  In sum, Plaintiff offers nothing for the Court to reconsider.  As previously explained, "Maher

has presented her federal theory of the case, and the Court rejects it. She is now free to test her ideas on the Fifth Circuit if she wishes." Order of Mar. 5, 2015 [#77] at 20.

Alternatively, Plaintiff requests the Court issue "findings of fact" as they "are needed to disclose the jurisdictional facts the Court found in response to Defendants' factual attack under Rule 12(b)(1)." Mot. Reconsider [#80] at 5. Plaintiff's pleadings demonstrate an absence of federal jurisdiction, and the Court denies Plaintiff's request the Court issue findings of fact.

## II.   Costs

### A.   Legal Standard

As the prevailing party, Defendants move for their costs. Federal Rule of Civil Procedure 54(d)(1) instructs "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, "the prevailing party is prima facie entitled to costs," and the denial of costs is "in the nature of a penalty." *Id.* (internal quotations omitted).

Where, as here, the Court dismisses a case for lack of jurisdiction, it "may order the payment of just costs." 28 U.S.C. § 1919. Under 28 U.S.C. § 1920, the following court costs may be recovered in federal court:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

      (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

      (5)     Docket fees under section 1923 of this title;

      (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Allowable costs under Rule 54(d) are generally those delineated in § 1920, unless a particular statute authorizes other costs. *W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1234, 1236 (5th Cir. 1988) (Rule 54(d) "allows trial courts to refuse to tax costs otherwise allowable, but it does not give them the power to tax items not elsewhere enumerated"). The party seeking to recover costs bears the burden of proving the amount of the costs and their necessity. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

**B.**    **Application**

Defendants have specifically moved for entry of the following costs: (1) costs to obtain Plaintiff's medical records and prescription records; (2) costs to obtain written transcripts of six depositions; (3) costs to obtain videos of two depositions; (4) charges incurred to obtain filings from the Public Access to Court Electronic Records (PACER); and (5) costs for copying documents for production in response to Plaintiff's written discovery requests.

Plaintiff first objects to an award of costs to Defendants in their entirety, arguing such an award would be inequitable based on Defendants' supposed unclean hands. *See* Objections & Resp. [#81] at 1–2 (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462–63 (3d Cir. 2000)). The basis for Plaintiff's unclean hands argument is the allegation Defendants "placed a smear report in

-4-

Heidi Maher's chart, and that the filing of this case prompted Defendants to immediately withdraw the offensive report from Plaintiff's medical and lab records." *Id.* The Court rejects Plaintiff's unclean hands contention. First, *Paoli* is not binding precedent for this Court. Second, the Third Circuit in *Paoli*, reviewing a district court's award of costs to a prevailing defendant, merely noted one factor a court may consider in determining whether to award costs to a prevailing party is that party's unclean hands. *Paoli*, 221 F.3d 453–56, 463. The factor, however, was not in dispute, and the *Paoli* court did not apply it. *Id.* at 463. Third, the *Paoli* court reinforced "the presumption is that costs, as defined by the relevant statutes and case law, will be awarded in full measure," and "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* at 469. Here, Plaintiff's claims about the "smear report" are no more than allegations as the Court, to the extent it resolved any factual disputes, only resolved those dispositive of subject matter jurisdiction. *See* Order of Mar. 5, 2015 [#77] at 10 (citing *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004)). Relatedly, Plaintiff has argued, in addition to unclean hands, Defendants should not be awarded costs because she has presented evidence to prove her case. The Court, however, resolved none of the fact issues bearing on the merits of Plaintiff's case (e.g., whether Defendants used the wrong sperm) in dismissing the case for lack of subject matter jurisdiction. In sum, Plaintiff's contentions Defendants are not entitled to any costs because of unclean hands and because Plaintiff has presented evidence proving her case have no merit.

Alternatively, Plaintiff objects to Defendants' requested costs as excessive in all five categories described above, and the Court addresses each category in turn.

### 1.   Costs to obtain Plaintiff's medical records and prescription records

Defendants seek to recover $1,674.04 in costs to obtain Plaintiff's medical records and prescription records directly from Plaintiff's medical providers in admissible form. Mot. Entry Bill Costs [#79] at 3–4. Defendants, however, fail to identify any category under § 1920 that would cover these type of costs, and the Court fails to see which of the § 1920 categories would apply. Defendants also do not identify any other statute permitting the recovery of costs incurred in obtaining medical records. To the extent Defendants are relying upon § 1919 and its allowance for "just" costs, the Court declines the award of costs for obtaining medical and prescription records under that section as well. Therefore, the Court reduces Defendants' requested costs by $1,674.04.

### 2.   Costs to obtain written transcripts of six depositions

Costs related to taking of depositions are allowed under § 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). A deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely discovery." *Id.* Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Id.* at 285–86.

In this case, Defendants list the following deposition transcripts as necessary because they were actually used to support their motion to dismiss, their response to Plaintiff's motion for partial summary judgment, and their briefing on their motion for partial summary judgment: (1) Dr. Kaylen Silverberg; (2) Dr. Lisa Hansard; (3) Thomas Turner; (4) Kristen Behmyer-Sieren; and (5) Heidi

Maher. Defendants also contend the deposition transcript for Plaintiff's only designated expert, Margaret Maher, was necessary in order to prepare for trial. Having reviewed these pleadings and assessing Plaintiff's claims, the Court agrees with Defendants regarding the necessity of these deposition transcripts.

In her Objections, Plaintiff disputed some of the incidental costs associated with the depositions such as the cost of expedited delivery charges and convenience fees. Objections & Resp. [#81] at 4. In their Reply, Defendants agreed to withdraw their request for the e-transcript fees (totaling $70) and the delivery fee charge ($20). Reply [#83-2] at 7. Therefore, the Court subtracts those fees from the requested costs bill. Defendants, however, maintain their request for administration fees as necessary to obtaining copies of the depositions, and the Court agrees.

Therefore, Plaintiff's objection to the written deposition costs is SUSTAINED IN PART and OVERRULED IN PART. The costs for the deposition transcripts are allowed in the amount of $4,171.45. *See* Mot. Entry Bill Costs [#79] at 4–5; *id.* [#79-3] Ex. A-2.

### 3.    Costs to obtain videos of two depositions

Defendants also seeks costs for videos of the depositions of the plaintiff, Heidi Maher, and Plaintiff's only expert, Margaret Maher. Defendants contend these video depositions were necessary because Defendants did not control whether those witnesses appeared live at trial. The Court finds it unlikely Heidi Maher as the plaintiff in the case and Margaret Maher as the plaintiff's only expert would not have appeared in person at trial. As such, Defendants have failed to establish the costs for the two video depositions were necessarily obtained for use in this case. *See Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013) (declining to allow recovery of both paper transcripts and videos). Therefore, Plaintiff's objection

to video deposition costs is SUSTAINED, and the Court denies the costs for video fees in the amount of $1,404.25. *See id.* [#79] at 5–6; *id.* [#79-3] Ex. A-2.

### 4.    Charges incurred to obtain filings from PACER

Defendants request to recover $260.40 they incurred "to access court records through PACER." *Id.* [#79] at 7.  Section 1920(4) allows courts to tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4). District courts in this circuit split on whether § 1920 authorizes courts to award PACER fees as costs.  *Compare Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363-RET, 2011 WL 2460943, at *2 (M.D. La. June 17, 2011) (finding PACER research expenses not taxable), *and JGT, Inc. v. Ashbritt, Inc.*, No. 1:09cv380WJG-JMR, 2011 WL 1323410, at *8 (S.D. Miss. Apr. 5, 2011) (denying PACER charges as costs under § 1920), *with U.S. ex rel. DeKort v. Integrated Coast Guard Sys.*, No. 3:06-CV-1792-O (BF), 2013 WL 1890283, at *4 (N.D. Tex. Mar. 27, 2013) (allowing $842.53 in PACER printing charges), *and Giner v. Estate of Higgins*, No. EP-11-CV-126-KC, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012) (finding costs of obtaining a copy of document from PACER taxable under § 1920 in the amount of $0.40).

While unclear, it appears from the PACER records attached to Defendants' motion the $260.40 represents charges for searching and accessing the PACER database rather than specifically the costs of making copies of those documents. *See id.* [#79-4] Ex. A-3.  Also, while Defendants indicate they obtained file-stamped copies of documents from PACER and attached them to various filings with the Court, they do not specifically identify the documents, and as a result, the Court cannot assess their relevance to the case.  Therefore, the Court finds Defendants have failed to show the requested PACER costs reflect "the costs of making copies," and Defendants have failed to show

any copies were "necessarily obtained for use in the case." To the extent Defendants contend the costs are "just" under § 1919, the Court denies them on that ground as well. Plaintiff's objection to PACER-related costs is SUSTAINED, and the Court reduces Defendants' requested costs by $260.40.

### 5.    Costs for copying documents for production in response to Plaintiff's written discovery requests

Defendants request $1,294.89 in costs incurred to copy documents in responding to Plaintiffs' 370 requests for production and in creating a trial notebook. *Id.* [#79] at 7–8. The Court does not find these copies to be necessarily obtained for use in trial. If Defendants had a problem with the potential expense of responding to Plaintiff's numerous production requests, they could have suggested Plaintiff cover those costs. If Plaintiff refused, Defendants could have filed a motion with the Court if necessary. In addition, whether and how Defendants created a trial notebook is entirely up to their discretion and not necessarily obtained for use in trial. Finally, the Court cannot discern from Defendants' exhibit meant to document these costs what exactly was copied and why. *See id.* [#79-5] Ex. A-4; *see also Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010) ("Although prevailing parties do not have to justify every single photocopying cost, they do have to provide enough information for the Court [to be] able to make a reasonable determination of necessity."). Therefore, the Court reduces Defendants' requested costs by $1,294.89.

### Conclusion

Accordingly,

IT IS ORDERED that Defendants Vaughn, Silverberg & Associates, LLP and Austin IVF, LLP's Motion for Leave to Exceed Page Limitation on their Reply [#83] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Heidi Maher's Motion to Reconsider Dismissal Order [#80] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Heidi Maher's Objections and Response to Defendants' Motion for Entry of Costs [#81] are OVERRULED IN PART and SUSTAINED IN PART as described in this opinion;

IT IS FURTHER ORDERED that Defendants Vaughn, Silverberg & Associates, LLP and Austin IVF, LLP's Motion for Entry of Bill of Costs [#79] is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FINALLY ORDERED that the Clerk SHALL assess costs of suit against Plaintiff Heidi Maher, in accordance with this order, in the total amount of FOUR THOUSAND ONE HUNDRED SEVENTY-ONE DOLLARS AND FORTY-FIVE CENTS ($4,171.45).

SIGNED this the 20th day of April 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE